**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHECHEM LAFAYETTE, : | |
| : | Civil Action No. 11-3389 (CCC) |
| Petitioner, : | |
| : | |
| v. : | **OPINION** |
| : | |
| ROY L. HENDRIX, et al., : | |
| : | |
| Respondents. : | |

**APPEARANCES:**

Petitioner pro se
Shechem Lafayette
Essex County Correctional Fac.
Newark, NJ  07105

Counsel for Respondents
Allan B.K. Urgent
Asst. U.S. Attorney
District of New Jersey
Newark, NJ  07102

**CECCHI**, District Judge

   Petitioner Shechem Lafayette, an alien detained in connection with removal proceedings and currently confined at Essex County Correctional Facility in Newark, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless- . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

The named Respondents include Warden Roy L. Hendrix, U.S. Attorney General Eric Holder, and various other government officials.

Because it appears from the parties' submissions[2] that Petitioner is not entitled to relief, the Petition will be dismissed. See 28 U.S.C. § 2243.

## I. BACKGROUND

Petitioner Shechem Lafayette is a native and citizen of Jamaica who has been detained in connection with removal proceedings since on or about January 6, 2010.[3] In this Petition, dated May 18, 2011, Petitioner challenges his prolonged detention in connection with his removal proceedings.

On June 7, 2011, an Immigration Judge issued a decision ordering Petitioner removed to Jamaica. On November 4, 2011, the Board of Immigration Appeals issued its decision affirming the Order of Removal. Thus, on November 4, 2011, the Order of Removal became administratively final.

---

[2] Petitioner has filed two Motions [ECF Docket Entry Nos. 3, 5] to Supplement the Record, that are more properly construed as supplemental briefs in support of his Petition. To that extent, this Court will grant the motions and consider the briefs.

[3] In 1988, Petitioner was convicted in the U.S. District Court for the District of Columbia of various drug and weapons charges, for which he was sentenced to a term of imprisonment of 410 months, later resentenced to a term of 292 months. See United States v. Lafayette, Criminal No. 88-254-01 (D.D.C.). Petitioner was taken into custody by immigration officials immediately upon his release from prison.

2

On December 5, 2011, the U.S. Court of Appeals for the Third Circuit docketed Petitioner's petition for review of the final order of removal. On January 1, 2012, the Court of Appeals dismissed the case for failure to pay the filing fee.

## II. ANALYSIS

Petitioner challenges his prolonged detention in advance of a final order of removal. Petitioner asserts that his prolonged detention is not authorized by law and that it violates his right under the Fifth Amendment not to be deprived of liberty without due process. He seeks an order for his immediate release.

Under 8 U.S.C. § 1226(c), the Attorney General is required to detain certain deportable aliens, including those who have been convicted of an aggravated felony or of violating a state law relating to a controlled substance, during their removal proceedings ("pre-removal-order detention"). Although § 1226(c) does not provide for bail, an alien detained pursuant to § 1226(c) may move for a hearing to determine if he falls within the categories of aliens subject to mandatory detention (a "Joseph hearing"). In re Joseph, 22 I.&N. Dec. 799 (BIA 1999).[4]

In support of his Petition, Petitioner relies, inter alia, upon Demore v. Kim, 538 U.S. 510 (2004) (relating to

---

[4] At the Joseph hearing, a detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the BICE is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention. See 8 C.F.R. § 3.19(h)(2)(ii).

3

constitutionality of pre-removal-order detention). In <u>Demore v. Kim</u>, 538 U.S. 510 (2003), the Supreme Court considered whether mandatory pre-removal-order detention under § 1226(c) violates due process. The alien conceded that he fell within the categories of deportable aliens, who are subject to mandatory detention under § 1226(c). The Supreme Court found that mandatory detention of deportable criminal aliens pending their removal proceedings did not violate due process. <u>Demore</u>, 538 U.S. at 531. The Court noted that such proceedings typically last only a few months and that pre-removal-order detention has a finite termination point - the issuance of a final decision on removability. <u>Id.</u> at 529-30. In his concurrence, however, Justice Kennedy took the position that circumstances could arise in which long-term pre-removal-order detention might violate due process. <u>Id.</u> at 532-33 (Kennedy, J., concurring).

Taking note of Justice Kennedy's guidance, the Court of Appeals for the Third Circuit has held that there are due process limitations on the duration of pre-removal-order detention:

> Under the Supreme Court's holding [in <u>Demore</u>], Congress did not violate the Constitution when it authorized mandatory detention without a bond hearing for certain criminal aliens under § 1226(c). This means that the Executive Branch <u>must</u> detain an alien at the beginning of removal proceedings, without a bond hearing -- and may do so consistent with the Due Process Clause -- so long as the alien is given some sort of hearing when initially detained at which he may challenge the basis of his detention. [This is the <u>Joseph</u> hearing.] However, the constitutionality of this practice is a function of the length of the detention. At a certain point, continued

4

> detention becomes unreasonable and the Executive Branch's implementation of § 1226(c) becomes unconstitutional unless the Government has justified its actions at a hearing inquiring into whether continued detention is consistent with the law's purposes of preventing flight and dangers to the community. This will necessarily be a fact-dependent inquiry that will vary depending on individual circumstances. We decline to establish a universal point at which detention will always be considered unreasonable.
>
> . . .
>
> In short, when detention becomes unreasonable, the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute.

Diop v. ICE/Homeland Security, 656 F.3d 221, 232-33 (3d Cir. 2011) (footnotes omitted).

During the pendency of this matter, a final order of removal has been entered against Petitioner.[5]  Because a final order of

---

[5] An order of removal becomes administratively final:

(a) Upon dismissal of an appeal by the Board of Immigration Appeals;
(b) Upon waiver of appeal by the respondent;
(c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
(d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal;
(e) If an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order; or
(f) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal

removal has been entered, Petitioner is no longer detained pursuant to § 1226(c), which governs only detention <u>prior to</u> the entry of a final order of removal. Instead, Petitioner is now detained pursuant to 8 U.S.C. § 1231(a), which governs the detention of an alien subject to a final order of removal ("post-removal-order detention").

Because Petitioner is no longer detained pursuant to § 1226(c), as he was at the time he filed this Petition, the challenge to his pre-removal-order detention has become moot.[6] As there is no longer a live "case or controversy" regarding Petitioner's pre-removal order detention, <u>see</u> U.S. Constitution, Article III, the challenge to Petitioner's pre-removal-order detention will be dismissed. See <u>Rodney v. Mukasey</u>, 340 Fed. Appx. 761 (3d Cir. 2009).

---

>     by the Board or the Attorney General, or upon overstay
>     of the voluntary departure period granted or reinstated
>     by the Board or the Attorney General.

8 U.S.C. § 1241.1.

[6] Because a final order of removal has now been issued against Petitioner, it is not likely that he will be detained ever again under the pre-removal-order detention provision. Thus, this is not the type of case subject to the mootness exception for cases that are "capable of repetition" while "evading review." See <u>De La Teja v. United States</u>, 321 F.3d 1357, 1361-63 (11th Cir. 2003). This exception applies only when "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." <u>Weinstein v. Bradford</u>, 423 U.S. 147, 149 (1975) (per curiam).

To the extent the Petition could be construed as challenging Petitioner's post-removal-order detention, he has failed to demonstrate any entitlement to relief. See Zadvydas v. Davis, 533 U.S. 678 (2001) (relating to constitutionality of post-removal-order detention).

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(2) requires the detention of such aliens during a ninety (90) day "removal period." Detention beyond the end of the ninety day removal period is governed by the constitutional principles set forth by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001).

Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within the ninety day removal period.

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within ninety days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six month period of post-removal-order

7

detention has passed, a detained alien must be released if he can establish that his removal is not reasonably foreseeable. See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

Thus, the alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing. Zadvydas, 533 U.S. at 699-701. But see 8 U.S.C. § 1231(a)(1)(C) ("The removal period shall be extended beyond a period of ninety days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.")

To state a claim under Zadvydas, the six-month presumptively-reasonable removal period must have expired at the time the Petition is filed. A prematurely filed petition must be dismissed without prejudice to the filing of a new Petition once the removal period has expired. See, e.g., Rodney v. Mukasey, 340 Fed. Appx. 761 (3d Cir. 2009); Akinvale v. Ashcroft, 287 F.3d 1050, 1051 (11th Cir. 2002).

Here, the applicable removal period began to run on November 4, 2011, the date the order of removal became administratively

final.[7]  Thus, the six-month presumptively-reasonable removal period has not yet expired and this claim is not ripe. See, e.g., Ferrer-Chacon v. Department of Homeland Security, No. 06-4452, 2006 WL 3392930 (D.N.J. 2006).

Moreover, Petitioner has alleged no facts to suggest that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Here, Petitioner has not suggested any individual barriers to his repatriation, see Zadvydas, 533 U.S. at 684-85 (alien petitioner Zadvydas was a "stateless" individual), nor has he suggested any institutional barrier to his removal, see Zadvydas, 533 U.S. at 686 (alien petitioner Kim Ho Ma was from Cambodia, a country with which the United States has no repatriation agreement).

Finally, Petitioner has filed a request for emergency stay of removal.  Such a request is properly filed in the Court of Appeals in connection with a petition for review of a final order of removal.  Under the circumstances presented here, this Court lacks jurisdiction to enter such an order.  Even if this Court could exercise jurisdiction over the request, Petitioner has failed to demonstrate any likelihood of success in his challenges to removal. The request will be denied without prejudice.

---

[7] Although Petitioner filed a petition for review, the Court of Appeals dismissed the Petition without granting him a stay of removal.  Accordingly, the date of the Court of Appeals final order does not trigger the running of the removal period. See 8 U.S.C. § 1231(a)(1)(B)(ii).

III.  CONCLUSION

For the reasons set forth above, the challenge to Petitioner's pre-removal-order detention will be dismissed as moot.  The challenge to Petitioner's post-removal-order detention will be dismissed without prejudice as premature.

An appropriate order follows.

　　　　　　　　　　　　　　　　　　／s／ Claire C. Cecchi
　　　　　　　　　　　　　　　　　　Claire C. Cecchi
　　　　　　　　　　　　　　　　　　United States District Judge

Dated: March 9, 2012